Richard MARCUS, Plaintiff–Appellee,

Olga Dufour, Defendant–Appellee,

v.

Lawrence HAAKER, David Haaker, Suzanne Perloth, Lisa Goldberg, Defendants–Appellants.

No. 11–3382–cv.

United States Court of Appeals, Second Circuit.

Sept. 25, 2012.

Robert F. Brodegaard, Brodegaard & Associates LLC, New York, NY, for Defendants–Appellants.

Jason P. Criss (Joanne Sum–Ping, Covington & Burling LLP, New York, NY; and Stuart E. Eizenstat, Kevin J. Shorthill, Damara L. Chambers, and Steven E. Robertson, Covington & Burling LLP,

Washington, D.C., on the brief), for Defendant–Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, SUSAN L. CARNEY, Circuit Judges.

### *SUMMARY ORDER*

Defendants–Appellants Lawrence Haaker, David Haaker, Suzanne Perloth, and Lisa Goldberg (collectively, the "Haaker claimants") challenge the District Court's grant of judgment on the pleadings to Defendant–Appellee Olga Dufour in this interpleader action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Haaker claimants seek to disturb an award made by the Austrian General Settlement Fund ("GSF") to Dufour. Under principles of international comity, courts should defer to "the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895); *see also Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir.1999). The District Court recognized that the GSF was established by the Austrian government pursuant to extensive negotiations led by the U.S. Government. *See Whiteman v. Dorotheum GmbH & Co. KG*, 431 F.3d 57, 62–65 (2d Cir.2005). The District Court therefore rightly deferred to the GSF's determination.

The Haaker claimants argue that the GSF award was procured by fraud and that New York law of intestacy entitles them to half of the award. As the District Court found, the Haaker claimants have failed to point to any facts on which a finding of fraud could be made. *See United States v. Klein*, 476 F.3d 111, 113–14 (2d Cir.2007). In addition, the Haaker claimants provide no authority nor any compelling reason why New York intestacy law should govern a determination made by a foreign adjudicative body such as the GSF. *See Nordwind v. Rowland*, 584 F.3d 420, 432 (2d Cir.2009).

Finding no merit in the Haaker claimants' remaining arguments, we hereby **AFFIRM** the judgment of the District Court.